IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE KEMP LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1037 |
| | ) | Judge Conti |
| ROBIN LINDSEY, *et al.*, | ) | Magistrate Judge Bissoon |
| | ) | |
| Defendants. | ) | |

## ORDER

Kyle Kemp Lindsey presently is incarcerated at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania. Lindsey alleges that certain of his relatives recently defamed him by stating that he had inappropriate contact with his niece in 1986. Lindsey seeks to have counsel appointed to represent him in this matter (Doc. 8.)

The United States Court of Appeals for the Third Circuit set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. Section 1915(d) in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). The Tabron Court acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant. Id., at 157 n.7. The Court also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel." Id., at 156. The Court of Appeals likewise addressed the practical constraints confronted by district courts regarding the appointment of counsel, which include the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. Id., at 157.

The Court of Appeals also announced a series of factors that the trial court should consider and apply in ruling upon a motion for the appointment of counsel. Id., at 155-56. These factors include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses.

A review of Plaintiff's complaint in light of the factors announced in Tabron reveals the following:

(1) the particular legal issue is not difficult, and there is no indication that Lindsey is incapable of presenting and arguing the merits of his claim;

(2) the necessary factual investigation can be adequately pursued by Lindsey;

(3) there appears to be no particular problem confronting Lindsey in pursuit of his claim;

(4) Lindsey's claim does not appear to require extensive or complicated discovery;

(5) Lindsey's claim will likely turn on credibility determinations; and,

(6) this case will not require testimony from expert witnesses.

Only one of the factors – factor five – weighs in favor of appointing counsel, and that only slightly. Lindsey's request for the appointment of counsel (Doc. 8), therefore, is DENIED.

IT IS FURTHER ORDERED that Lindsey's Motion for Waiver of Pre-Payment for Service of Process by U.S. Marshals (Doc. 7) is DENIED AS MOOT because Lindsey has been granted leave to proceed *in forma pauperis*, and will not be required to prepay any fees.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

October 6, 2009                                       s/Cathy Bissoon
                                                      CATHY BISSOON
                                                      UNITED STATE MAGISTRATE JUDGE

**Cc:**
**KYLE KEMP LINDSEY**
HE-4645
SCI Fayette
Box 9999
LaBelle, PA 15450